UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMERICAN PACIFIC INDUSTRIES, INC.                  PLAINTIFF

V.                                    CIVIL ACTION NO. 3:20-CV-273-KHJ-FKB

ZAKARIAE YERROU a/k/a ZAKARIA               DEFENDANTS
YERROU a/k/a ZAKARIAE N. AMEERA
a/k/a ZACK YERROV; YERROU DISCOUNT
TIRE LLC d/b/a/ TERRY ROAD TIRE &
ALIGNMENT; VICMAR LLC; JOHN MARK GRUBBS;
VICKY D. GRUBBS

ORDER

Before the Court is Plaintiff American Pacific Industries, Inc.'s ("American Pacific") Motion for Judgment on the Pleadings [31]. For the reasons below, the Court grants this motion.

I.     Background

     A.     Procedural History

American Pacific filed this suit against Defendants Zakariae Yerrou a/k/a Zakaria Yerrou a/k/a Zakariae N. Ameera a/k/a Zack Yerrou ("Mr. Yerrou"), Yerrou Discount Tire LLC d/b/a Terry Road Tire & Alignment ("Yerrou LLC"), Vicmar LLC, John Mark Grubbs, and Vicky D. Grubbs. American Pacific has not served Defendants Vicmar LLC, John Mark Grubbs, or Vicky D. Grubbs.

American Pacific alleges trademark infringement, trademark counterfeiting, unfair competition, and false association under the Lanham Act, 15 U.S.C. § 1051 *et*

*seq.*, design patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq.*, and unfair competition under Mississippi common law. Mr. Yerrou filed an answer, admitting "all facts" alleged in Paragraphs 1-46 of American Pacific's Complaint. Answer [9] at 1.

The Clerk entered default against Yerrou LLC for failure to answer. Entry of Default [11]. During discovery, Mr. Yerrou demonstrated "a clear record of noncompliance," for which the Court's levied sanctions against him. Order [32] at 2.

Based on this failure to comply, American Pacific asks the Court to enter judgment in its favor on all counts. Mot. for J. on the Pleadings [31]. Mr. Yerrou failed to respond to this motion. On February 10, 2021, the Court afforded Mr. Yerrou a final opportunity to respond to American Pacific's Motion by February 24, 2020, warning the Court would deem the motion admitted if he did not respond. Order [33]. This deadline has passed, and Mr. Yerrou has not responded. The Court therefore finds Mr. Yerrou has admitted American Pacific's Motion.

B.   Facts

American Pacific owns the exclusive rights to X COMP, GLADIATOR, and ECOSAFE trademarks, as it has registered these trademarks with the United States Patent and Trademark Office. Compl. [1], ¶ 17. American Pacific also owns all propriety rights to Mold Serial Number APILC 1848-8, which is covered by a design patent (Patent No. D808895). *Id.*, ¶ 21. The company has authorized Linglong International Tire Company in Thailand to manufacture tires with its proprietary mold and trademarks. *Id.*, ¶ 24. American Pacific, however, is the only

entity authorized to import these tires into the United States. *Id.*, ¶ 26. And American Pacific authorizes use of its trademarks and mold numbers only on its own tires. *Id.*, ¶¶ 39-41.

American Pacific learned that Terry Road Tire & Alignment ("Terry Road"), located at 3101 Terry Road, Jackson, MS 39212, was selling unauthorized tires with American Pacific's X COMP and ECOSAFE trademarks and its proprietary mold. *Id.*, ¶ 28. Terry Road also sold tires that had American Pacific's GLADIATOR trademark removed and replaced with the HANKONG trademark, which is not associated with American Pacific. *Id.* American Pacific believes that the unauthorized tires Terry Road sold were manufactured by Linglong International Tire Company and rejected by American Pacific based on various defects and deficiencies. *Id.*, ¶ 32. American Pacific believes that although these tires should have been destroyed, they were instead sold to a secondary market without its authorization and altered. *Id.*

Mr. Yerrou was the registered agent and manager of now-dissolved Yerrou LLC, which operated Terry Road. *Id.*, ¶¶ 2-3. Despite Yerrou LLC's dissolution, Mr. Yerrou continues to operate Terry Road. *Id.*, ¶ 3. Following its discovery that Terry Rold sold unauthorized tires bearing American Pacific trademarks and proprietary mold, American Pacific sent a demand letter informing Terry Road of its infringement and stating the tires may constitute a public safety hazard. *Id.*, ¶ 43. American Pacific demanded Terry Road cease any further sale, distribution, marketing, or importation of the tires and remove all counterfeit goods from its

stock. *Id.*, ¶ 44. No one affiliated with Terry Road responded before American Pacific filed this lawsuit. *Id.*, ¶ 46. When American Pacific filed its Complaint, Terry Road was still selling the infringing tires. *Id.*, ¶ 31.

II.   Standard

American Pacific brings its motion under Federal Rule of Civil Procedure 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 305, 313 n.8 (5th Cir. 2002)). Under a Rule 12(b)(6) analysis, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (alteration omitted). That means it contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In reviewing a motion for failure to state a claim under Rule 12(c), "[t]he nonmovant must plead enough facts to state a claim to relief that is plausible on its face." *United States v. 0.073 Acres of Land, More or Less, Situate in Parishes of Orleans & Jefferson of La.*, 705 F.3d 540, 543 (5th Cir. 2013) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)) (internal quotations omitted). "[W]hen construing a motion for judgment on the pleadings, the Court is required to

assume that the allegations of fact presented by the opposing party are true." *Sea-Land Servs., Inc. v. D.I.C., Inc.*, 102 F.R.D. 252, 253 (S.D. Tex. 1984) (citing *Cash v. Comm'r of Internal Revenue*, 580 F.2d 152, 154 (5th Cir. 1978)).

III. Analysis

American Pacific alleges Yerrou sold counterfeit tires at Terry Road, which Yerrou LLC previously operated and which Mr. Yerrou now continues to operate. *See* Compl. [1], ¶¶ 2-3, 28-46. In his Answer, Mr. Yerrou admitted these facts. [9] at 1. American Pacific's Motion for Judgment on the Pleadings [31] requests judgment only against Mr. Yerrou and does not move for default judgment against Yerrou LLC. These claims are pending against Mr. Yerrou: (1) federal trademark infringement (Counts I-II); (2) federal trademark counterfeiting (Counts III-IV); (3) federal unfair competition and false association (Counts V-VI); (4) patent infringement (Count VII); and (5) unfair competition under Mississippi common law (Counts VIII-IX).

A. Federal Trademark Infringements (Counts I-II)

Counts I and II bring claims of trademark infringement under 15 U.S.C. § 1114 for Mr. Yerrou's unauthorized use of the X COMP and ECOSAFE marks. Compl [1], ¶¶ 47-68. To establish a claim of trademark infringement under Section 1114, American Pacific "must first 'establish ownership in a legally protectible mark, and second, . . . show infringement by demonstrating a likelihood of confusion.'" *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235-36 (5th Cir. 2010) (quoting *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll.*

5

*v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008)). "Proof of registration of a mark with the PTO constitutes prima facie evidence that the mark is valid and that the registrant has the exclusive right to use the registered mark in commerce with respect to the specified goods or services." *Id.* (citations omitted). The Fifth Circuit has indicated that, where the alleged infringers use the plaintiff's exact mark, a likelihood of confusion is "clear," and the district court need not analyze the issue more. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 310-11 (5th Cir. 2008); *see also Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1007 n.11 (S.D. Tex. 2000) ("Generally, a likelihood of confusion analysis involves a factual inquiry into several different factors. However, in the case of a counterfeit mark, likelihood of confusion is clear.") (citations omitted).

American Pacific owns the registrations with the PTO for the X COMP and ECOSAFE trademarks. Compl. [1], ¶ 17; Exs. A [1-2], C [1-4]. Terry Road, which Mr. Yerrou continues to operate, sold tires bearing these exact registered trademarks. *Id.*, ¶¶ 3, 28-30, Exs. A [1-2], C [1-4]. The Court therefore finds American Pacific successfully states a claim for trademark infringement as to both the X COMP and ECOSAFE marks and grants the Motion for Judgment on the Pleadings [31] as to Counts I and II.

B.   Federal Trademark Counterfeiting (Counts III-IV)

Counts III and IV bring claims of trademark counterfeiting under 15 U.S.C. §§ 1114 and 1116 for Mr. Yerrou's sale of the X COMP and ECOSAFE marks. Courts in the Fifth Circuit have interpreted "a trademark counterfeit claim to

operate as a trademark infringement with the addition of a defendant's intention to use plaintiff's trademark, knowing it was counterfeit." *Springboards to Educ., Inc. v. Kipp Found.*, 325 F. Supp. 3d 704, 717 (N.D. Tex. 2018) (citing *Haggard Clothing Co. v. Sai Lakshmi Indus. Pvt. Ltd.*, No. 3:09-CV-0802-M, 2009 WL 2868443, at *5 (N.D. Tex. Sept. 3, 2009)). As stated above, *see supra* Section III.A, American Pacific has established claims for trademark infringement for the X COMP and ECOSAFE marks. American Pacific sent a demand letter to Terry Road two months before filing this action stating the tires were counterfeit. Compl. [1], ¶ 43, Ex. I [1-11]. Despite this letter, Yerrou continued to sell the counterfeit tires. *Id.*, ¶ 31. Mr. Yerrou admits these facts. Answer [9] at 1. Because he continued selling the counterfeit tires after American Pacific informed him they were counterfeit, the Court finds Mr. Yerrou intended to use the trademarks knowing they were counterfeit. Kipp Found., 325 F. Supp. 3d at 717. The Court therefore grants American Pacific's Motion on Counts III and IV.

    C.    Federal Unfair Competition and False Association (Counts V-VI)

Counts V and VI brings claims of unfair competition for false association under Section 1125 of the Lanham Act for the unauthorized use of the X COMP and ECOSAFE marks. Compl. [1], ¶¶ 87-112. "Section 1125 of the Lanham Act creates two distinct bases for liability: '(1) false representation in advertising concerning the qualities of goods (false advertising claims); and (2) false representations concerning the origin or endorsement of goods (false association or product infringement claims).'" *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921,

7

934 (S.D. Tex. 2004) (quoting *Hutchinson v. Pfeil*, 211 F.3d 515, 520 (10th Cir. 2000)). American Pacific brings its claims under the second basis for false association. Memo. in Supp. [35] at 7.

A false association claim under the Lanham Act is "intended to protect against consumer confusion and a producer's loss of good will by creating a means to sue parties who endeavor to exploit the name-recognition that a pre-existing producer has created in the marketplace." *Keane*, 297 F. Supp. 2d at 935 (citing *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32-33 (2003)). "It forbids, for example, the Coca-Cola Company's passing off its product as Pepsi-Cola or reverse passing off Pepsi-Cola as its product." *Dastar*, 539 U.S. at 32.

American Pacific alleges Mr. Yerrou sold tires with its X COMP and ECOSAFE marks and proprietary mold, thereby "deceiv[ing] customers into mistakenly believing that Defendants' unauthorized tires originate with, and/or are sponsored or approved by, [American Pacific]," Compl. [1], ¶ 94, or that they are "licensed, authorized, connected to, and/or affiliated with [American Pacific] and/or authorized tires offered under [American Pacific's]" trademarks. *Id.*, ¶ 106. Mr. Yerrou admits to selling unauthorized tires with the X COMP and ECOSAFE marks and selling tires with American Pacific's proprietary mold with the HANKONG mark, which is not affiliated with American Pacific. *See* Answer [9] at 1; Compl. [1], ¶ 28. Because these marks are associated with American Pacific and Mr. Yerrou sold these tires without authorization, American Pacific sufficiently

states a claim for false association under the Lanham Act. The Court grants American Pacific's Motion on Counts V and VI.

      D.      Patent Infringement (Count VII)

Count VII of the Complaint asserts patent infringement for the infringement of the '895 Design Patent. "A determination of infringement requires a two-step analysis. 'First, the court determines the scope and meaning of a the patent claims asserted . . . . [Second,] the properly construed claims are compared to the allegedly infringing device.'" *In re Gabapentin Patent Litig.*, 503 F.3d 1254, 1259 (Fed. Cir. 2007) (quoting *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998)) (alteration in original).

American Pacific alleges Mr. Yerrou sold tires manufactured using its own proprietary mold, which the '895 Design Patent covers. Mr. Yerrou admits the '895 Design Patent covers the mold, and he sold tires marked with its serial number. *See* Compl. [1], ¶¶ 21, 41-42; Answer [9] at 1. He also admits American Pacific's Thailand licensee manufactured the tires, meaning they bear American Pacific's patented mold. *See* Compl. [1], ¶ 32; Answer [9] at 1. Because Mr. Yerrou admits the '895 Design Patent covers the mold, he necessarily admits the properly construed claims of the patent cover the mold. *In re Gabapentin*, 503 F.3d at 1259 (citing *Cybor Corp.* 138 F.3d at 1454). And because he admits the tires he sold were manufactured using this mold, he admits he sold tires which embody the claims of the patent and are therefore infringing. *Id.* The Court therefore finds that American Pacific has pled sufficient factual allegations to establish a claim of patent

infringement. The Court grants the Motion for Judgment on the Pleadings [31] on this claim.

  E. Unfair Competition under Mississippi Common Law (Counts VIII-IX)

American Pacific brings claims unfair competition under Mississippi law in Counts VIII and IX, alleging use of its X COMP and ECOSAFE marks violates Mississippi law as well. Compl. [1], ¶¶ 125-52. "As with federal law, the benchmark of Mississippi common law on trademark infringement and unfair competition is the likelihood of confusion." *Git-R-Done Prods., Inc. v. Giterdone C Store, LLC*, 226 F. Supp. 3d 684, 692 (S.D. Miss. 2016) (citing *Richardson v. Thomas*, 257 So. 2d 877, 880 (Miss. 1972)); *Dollar Dep't Stores of Miss., Inc. v. Laub*, 120 So. 2d 139, 142-43 (Miss. 1960). Because the Court has already found American Pacific's confusion allegations sufficient for its federal trademark claims, *see supra* Section III.B, these allegations are similarly sufficient for its Mississippi unfair competition claims. The Court grants American Pacific's Motion on these claims.

  F. Damages

Though the Court grants American Pacific's Motion for Judgment on the Pleadings [31] in its entirety, the Motion does not address the remedies sought. The Court therefore orders American Pacific to submit briefing on damages or any other relief it seeks. The Court will allow Mr. Yerrou an opportunity to respond.

IV. Remaining Defendants

This order does not resolve the claims against Defendants Yerrou LLC, Vicmar LLC, John Mark Grubbs, and Vicky D. Grubbs. As the Clerk has entered

default against Yerrou LLC, the Court invites American Pacific to file a motion for default judgment or abandon its claim against Yerrou LLC. *See* Entry of Default [11]. Because American Pacific has failed to serve Defendants Vicmar LLC, John Mark Grubbs, and Vicky D. Grubbs, the Court orders American Pacific to show cause as to why the claims against these Defendants should not be dismissed without prejudice for failure to prosecute.

V.     Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED, that the Motion for Judgment on the Pleadings [31] is GRANTED. American Pacific is entitled to judgment on all counts of its Complaint [1]. American Pacific is ORDERED to submit briefing on damages or other relief on or before May 14, 2021. Mr. Yerrou must submit any response to this briefing on or before May 28, 2021.

American Pacific is also ORDERED to file a motion for default judgment or abandon its claims against Yerrou LLC and to show cause why the claims against the Defendants Vicmar LLC, John Mark Grubbs, and Vicky D. Grubbs should not be dismissed without prejudice for failure to prosecute by May 14, 2021.

SO ORDERED, this the 3rd day of May, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE